FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JAN 1 5 2015   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DOLLY BROOKS,

                Plaintiff,

    -against-

STEPHEN UKIELEY (JDC), JOHN J. TOOMEY
(JDC), FRED FISCHER (ATTORNEY), JOAN
JAMISON (POLICE),

                Defendants.
----------------------------------------------------------X

MEMORANDUM & ORDER
14-CV-6662(SJF)(ARL)

FEUERSTEIN, District Judge:

On November 7, 2014, *pro se* plaintiff Dolly Brooks ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 against Suffolk County District Court Judge Stephen Ukieley (JDC) ("Judge Ukieley"), Suffolk County District Court Judge John J. Toomey (JDC) ("Judge Toomey"), Fred Fisher, Esq. ("Fisher") and police officer "Joan Jamison ("Jamison") (collectively, "defendants"), with an application to proceed *in forma pauperis*.

A review of the declaration in support of the application to proceed *in forma pauperis* establishes that plaintiff's financial status qualifies her to commence this action without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C § 1915(e)(2)(B)(ii)-(iii).

I.    Background[1]

Plaintiff's complaint [Docket Entry No. 1 ("Complaint" or "Complt.")] appears to challenge an underlying state court criminal prosecution and conviction. Plaintiff was arrested

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this Order, *see, e.g., Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

on May 12, 2006 for operating a motor vehicle under the influence of alcohol or drugs in violation of VTL 1192.3. (*See* Misdemeanor Information, annexed as an exhibit to the Compl., at 16). The Misdemeanor Information indicates that plaintiff "was uncooperative with field sobriety tests, [her] speech was slurred, eyes extremely bloodshot, and she had the smell of an alcoholic beverage on her breath." (*Id.*) Upon her arrest, plaintiff was taken to the Third Precinct, in Bay Shore, New York, where she "refuse[d] to submit to a breath test." (*Id.*) The arresting officer was Joan Jamison. (*Id.*)

Plaintiff claims that she was maliciously prosecuted for seven (7) years by the Central Islip District Court "because she did not plea [sic] to a case that was reverse [sic] and dismissed pursuant to Article 3A, by an Administrative Appeals Board." (Compl. ¶ III.C.) According to the Complaint,

> [a]fter five years John J Toomey (JDC) held a frivolous pretrial hearing, lead [sic] by (my) plaintiff attorney Fred Fischer, by students during the Court's recession between one o clock [sic] and two o clock [sic]. There was no court reporter and plaintiff was not allowed to testify. Police Officer Jamison testified to the same case that was dismissed five year[s] prior. After plaintiff put in a motion opposing the hearing the case was dragged on another t[w]o year[s] and Judge Ukieley fraudulently dismiss [sic] Plaintiff['s] case on grounds that was not in accord with the agreement.

(*Id.*). Plaintiff claims to have "suffered unusual abuse by the justice system, hardship, mental anguish, financial set back and pecuniary and non[-]pecuniary damages." (Compl. ¶ IV.) For relief, plaintiff seeks to recover "monetary relief [$]250,000.00 from each defendant and that the fraudulent conviction which is on plaintiff's records along with a fine be dismissed." (Compl. ¶ V.)

II. Discussion

A.  *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of her application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

B.  Application of 28 U.S.C. § 1915

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

It is axiomatic that district courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests."

*Erickson*, 551 U.S. at 93 (quotations and citation omitted); *see also Anderson News, LLC v. American Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, LLC*, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

C. Section 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). Thus, to state a § 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 l. Ed. 2d 593 (2012).

1. Judicial Immunity

"It is well settled that 'judges generally have absolute immunity from suits for money damages for their judicial actions' and that 'even allegations of bad faith or malice cannot overcome judicial immunity.'" *McKeown v. N.Y. State Commission on Judicial Conduct*, 377 F. App'x 121, 123 (2d Cir. 2010) (quoting *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009)). Under the doctrine of absolute judicial immunity, judges are subject to suit seeking retroactive relief, including damages, only for: (1) "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;" or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)(internal citations omitted); *see Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). "The Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. Absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error ... or was in excess of his authority." *Mireles*, 502 U.S. at 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (quoting *Stump*, 435 U.S. at 356, 98 S.Ct. 1099, 55 L.Ed.2d 331); *see also Bliven*, 579 F.3d at 209 ("even allegations of bad faith or malice cannot overcome judicial immunity."). "As a general matter, judges are not absolutely immune from suits for prospective injunctive relief," *McKeown*, 377 F. App'x at 124 (citing *Mireles*, 502 U.S. 9, 10 n. 1, 112 S. Ct. 286, 116 L. Ed.2d 9), however Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Caroselli v. Curci*, 371 F. App'x 199, 202 (2d Cir. 2010) (summary order) (injunctive relief against state court

judges is statutorily barred by § 1983) (citing *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (*per curiam*)).

While plaintiff states that Judges Ukieley and Toomey's actions were "no longer a judicial act but an individual act" (Compl., at 1), plaintiff has not alleged facts suggesting that Judges Ukieley and Toomey took action which did not arise out of, or was not related to the cases before them or any facts from which it may reasonably be inferred that Judges Ukieley and Toomey (1) acted outside of their roles as judicial officers or (2) acted in the complete absence of all jurisdiction. Nor does plaintiff allege that a declaratory decree was violated or that declaratory relief was unavailable. Accordingly, the doctrine of absolute judicial immunity precludes plaintiff's Section 1983 claims against Judges Ukieley and Toomey and those claims are dismissed in their entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

2. Section 1983 Claim Against Fisher

Although § 1983 liability may be imposed only upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it," *Nat'l Collegiate Athletic Ass'n. v. Tarkanian*, 488 U.S. 179, 191, 109 S. Ct. 454, 102 L. Ed. 2d 469 (1988) (quotations and citation omitted); *see also Hafer v. Melo*, 502 U.S. 21, 28 (1991) ("Congress enacted §1983 to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.") (quotations and citations omitted), "[a] private actor may be liable under § 1983 . . . if there is a sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013)

(quotations and citations omitted); *see also Fabrikant v. French*, 691 F.3d 193, 206-07 (2d Cir. 2012) ("Conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character that it can be regarded as governmental action. ... [T]here must be such a close nexus between the state and the challenged action that the state is responsible for the specific conduct of which the plaintiff complains.") (quotations, alterations, emphasis and citations omitted)). "Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." *Filarsky*, 132 S. Ct. at 1661 (quotations and citation omitted); *see also Fabrikant*, 691 F.3d at 207 ("The fundamental question . . . is whether the private entity's challenged actions are 'fairly attributable' to the state.") (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982)). To determine whether private conduct amounts to state action, three tests have emerged:

> For the purposes of section 1983, the actions of a nominally private entity are attributable to the state . . . (1) [when] the entity acts pursuant to the coercive power of the state or is controlled by the state ('the compulsion test'); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity has been delegated a public function by the state ('the public function test').

*Fabrikant*, 691 F.3d at 207 (quoting *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (alteration in original)).

A claim for relief under § 1983 must allege facts sufficient to establish that the defendant acted under color of state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983; *Rae*, 693 F. Supp. 2d at 223. Private attorneys, whether court appointed or privately retained, are generally not liable under § 1983. *See Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional

7

functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citing *Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979)); *accord Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defenders do not act under color of state law). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citations omitted). Plaintiff alleges no facts from which the Court can reasonably find that the challenged conduct "may be fairly treated as that of the State itself," *Sykes*, 723 F.3d at 406, because Fisher, a private attorney, is not a state actor. Accordingly, plaintiff's § 1983 claim against Fisher is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim for relief.

3.     Section 1983 Claims Seeking Prospective Injunctive Relief

Plaintiff's claim for prospective injunctive relief seeking to have her "conviction, which is on plaintiff's records along with a fine be dismissed" (Compl. ¶ V.) is not cognizable under § 1983. *See Teichmann v. New York*, 769 F.3d 821, 825-26 (2d Cir. 2014) (*per curiam*) ("To the extent that [the][] *pro se* complaint can be read as seeking a form of relief not barred by immunity, e.g., a simple declaration of innocence [] - - that is a form of relief that is not cognizable under § 1983."). Moreover, because "federal district courts do not have authority to review judgments of state courts," *id.* at 826 (citing *Johnson v. DeGrandy*, 512 U.S. 997, 1005-6, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994) (noting that *Rooker-Feldman* bars 'a losing party in state court . . . from seeking what in substance would be appellate review of the state judgment in

a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.")), plaintiff's claim for prospective injunctive relief is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

D.  Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); *see also Nielsen v. Rabin*, 746 F.3d 58 (2d Cir. 2014); *see also Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013) (accord). Any amendment to plaintiff's claims against Judges Ukieley and Toomey would be futile because these defendants are entitled to absolute judicial immunity from plaintiff's Section 1983 claims. Similarly, because Fisher is not a state actor, any amendment to plaintiff's Section 1983 claim against him would be futile.

However, **plaintiff's claim against Jamison is dismissed with prejudice unless plaintiff filed an amended complaint within thirty (30) days of the date of this order alleging a plausible claim against her.** Plaintiff is cautioned that the amended complaint shall completely supersede the original complaint and, therefore, all claims against the must be included. Should plaintiff choose to file an amended complaint, it shall be clearly entitled "amended complaint" and bear the docket number of this case, 14-6662. Any amended complaint shall be screened pursuant to 28 U.S.C. § 1915. Plaintiff's failure to file an amended

complaint within the time allowed will lead to the dismissal of her claim against Jamison with prejudice and judgment shall enter.

III.  Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted. Plaintiff's Section 1983 claims against Judges Ukieley and Toomey are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff's Section 1983 claim against Fisher is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's remaining claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) unless plaintiff files an amended complaint as set forth above within thirty (30) days from the date of this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated:   January 15, 2015
         Central Islip, New York